# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Cathy D. Colebrooke, | Case No. 2:20-cv-00397-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| T-Mobile USA, Inc., | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 54) recommending that the Court deny Defendant's motion to strike, (Dkt. No. 46), and grant Defendant's motion for summary judgment, (Dkt. No. 36). For the reasons set forth below, the Court adopts the R&R as the Order of the Court, grants Defendant's motion for summary judgment, and denies Defendant's motion to strike.

## I.  Background and Relevant Facts

Plaintiff is an African American female over forty years old. She was hired by Defendant on November 6, 2012 as an entry level Customer Service and Sales representative. On September 15, 2013, she was promoted to Senior Analyst, Business Support. She was terminated on April 2, 2019. (Dkt. No. 8 at 4-5); (Dkt. No. 36 at 2, 4-5, 9).

Plaintiff alleges that she was denied training and development opportunities throughout her employment with Defendant. She contends she complained to management regarding the same. Plaintiff contends that Defendant treated her significantly different because of her age, race, sex, and sexual orientation, and that Defendant had numerous policies and procedures concerning discrimination and retaliation which it failed to follow. Plaintiff alleges that Defendant's failure to

-1-

professionally develop her was discriminatory and that her termination was discriminatory and retaliatory. *See generally* (Dkt. No. 8).

Plaintiff filed this lawsuit alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); race discrimination in violation of Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"); and retaliation in violation of the ADEA and Title VII. (Dkt. No. 1-1; Dkt. No. 8). Plaintiff's original complaint brought claims for: age discrimination in violation of the ADEA (First Cause of Action); race discrimination in violation of Title VII and Section 1981 (Second Cause of Action); retaliation in violation of the ADEA and Title VII (Third Cause of Action); hostile work environment and breach of contract in violation of the ADEA and Title VII (Fourth Cause of Action); and sex discrimination in violation of Title VII (Fifth Cause of Action). (Dkt. No. 1-1). Plaintiff subsequently amended her complaint to correct Defendant's name. (Dkt. No. 8).

On May 7, 2020, the Court granted Defendant's partial motion to dismiss, (Dkt. No. 30), dismissing Plaintiff's Fourth and Fifth causes of action. Plaintiff's remaining causes of action are therefore: (1) Age Discrimination in violation of the ADEA; (2) Race Discrimination in violation of Title VII and Section 1981; and (3) Relation in violation of the ADEA and Title VII.

On September 29, 2020, Defendant moved for summary judgment. (Dkt. No. 36). Plaintiff opposes. (Dkt. No. 44). Defendant filed a reply. (Dkt. No. 47).

On October 30, 2020, Defendant moved to strike an affidavit which Plaintiff had attached to her opposition to Defendant's motion for summary judgment. (Dkt. No. 46). Plaintiff opposes. (Dkt. No. 48).

On May 26, 2021, the Magistrate Judge filed an R&R recommending that Defendant's motion to strike be denied but that its motion for summary judgment be granted. (Dkt. No. 54). Plaintiff filed timely objections to the R&R. (Dkt. No. 56).

Defendant's motions are fully briefed and ripe for disposition.

## II.  Legal Standards

### a.  Fed. R. Civ. P. 56 — Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

### b.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections, the R&R is reviewed *de novo*.

### III. Discussion

First, as it regards Defendant's motion to strike, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that the motion should be denied. As detailed in the R&R, Plaintiff attached an "affidavit" to her opposition to Defendant's motion for summary judgment. *See* (Dkt. No. 44-6). The Magistrate Judge noted said affidavit was produced *after* the close of discovery and therefore could not be considered to the extent it conflicted with the affiant's prior deposition testimony. *See* (Dkt. No. 54 at 5); *Alba v. Merrill Lynch & Co.*, 198 F. App'x 288, 300 (4th Cir. 2006). The Magistrate Judge further noted that Plaintiff's affidavit contained inadmissible hearsay and that those affected portions could not be used to defeat a summary judgment motion. (Dkt. No. 54 at 5-6). Then, considering that many of the statements in Plaintiff's affidavit were improper under Fed. R. Civ. P. 56(c), and after explicitly stating that said affidavit would not be considered in deciding Defendant's motion to the extent the affidavit presented statements inconsistent with Plaintiff's prior testimony, the Magistrate Judge recommend denying the motion to strike as a "drastic sanction" simply not warranted under the circumstances. (*Id.* at 7); *Graves v. Horry-Georgetown Technical College*, 512 F. Supp. 2d 413, 417 n.1 (D.S.C. 2007).

As no party objected to this portion of the R&R, and as the Court finds no clear error with it, the Court adopts it in whole.

Second, after a careful review of the parties' briefing, the record, and Plaintiff's objections, the Court finds that the Magistrate Judge correctly determined that Defendant is entitled to summary judgment on all of Plaintiff's remaining claims. First, as it regards Plaintiff's discrimination claims under the ADEA, Title VII, and Section 1981,[1] the Magistrate Judge correctly noted—with substantial detail and citation to the record[2]—that Plaintiff could not establish the second, third, and forth elements under the burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). (Dkt. No. 54 at 9-25). Second, the Magistrate Judge also correctly determined that Plaintiff's retaliation claims under the ADEA and Title VII were subject to dismissal because Plaintiff could not establish pretext—Defendant having proffered a legitimate, nondiscriminatory reason for terminating Plaintiff's employment,

---

[1] To establish a *prima facie* case with respect to an age discrimination claim, Plaintiff must show that: (1) she is at least 40; (2) she was performing her job to the legitimate expectations of her employer; (3) her employer took an adverse employment action against her; and (4) the adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination. *See Wakefield-Brace v. Greenwood Sch. Dist. 50*, 8:16-cv-2750-MGL-KFM, 2017 WL 9286975, at *8 (D.S.C. May 25, 2017), *adopted*, 2017 WL 2569846 (D.S.C. June 14, 2017). To establish a *prima facie* case with respect to a race discrimination claim, Plaintiff must show: (1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment of similarly situated employees outside the protected class, or some other evidence giving rise to an inference of unlawful discrimination. *Ferguson v. Waffle House, Inc.*, 18 F. Supp. 3d 705, 719 (D.S.C. 2014).

[2] By way of example of the Magistrate Judge's thoroughness, the Magistrate Judge dedicated four pages to analyzing why Plaintiff could not establish that she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action. (Dkt. No. 54 at 12-15) (analyzing the record and correctly finding as undisputed that, during a training session she conducted, Plaintiff stated, "I'm black, I'm gay, and I'm a woman. You take me to HR, I'll take you right back," that Plaintiff touched the nape of Shaunda Smith after complimenting her haircut, and that Plaintiff used the term "redbone," a racially derogatory term). Additionally, though the R&R noted that Plaintiff had seemingly abandoned her claim for "disparate treatment concerning her discharge," (*Id.* at 19) (stating that "Defendant correctly notes that Plaintiff 'does not make any argument in her Response in support of her claim for disparate treatment concerning her discharge'"), the Magistrate Judge nevertheless analyzed the claim in full and found that, on the merits, it did not survive summary judgment, (*id.* at 19-23).

namely Plaintiff's conduct during a training session she performed for Defendant. (*Id.* at 12-15, 29).³  Plaintiff filed objections to the R&R which the Court addresses below.

First, Plaintiff objects that, in analyzing her claims, the Magistrate Judge failed to consider Plaintiff's "actual performance and only utilize[d] the Defendant's contentions." (Dkt. No. 56 at 6-7).  In so arguing, Plaintiff does not point to a specific section of the R&R where Plaintiff believes the Magistrate Judge committed such error. Nor does Plaintiff contest the R&R's discussion of the training session described *supra*. *Compare* Plaintiff's Objections, (Dkt. No. 56 at 5-7) *with* R&R, (Dkt. No. 54 at 12-15) (finding that Plaintiff's undisputed behavior during a training session she conducted "violated Defendant's policies" and that "Plaintiff cannot make the requisite showing that she was performing her job duties at a level that met Defendant's legitimate expectations").  Instead, Plaintiff lists facts she believes create a "genuine issue of material fact . . . regarding performance." *See, e.g.*, (Dkt. No. 56 at 6) (arguing a certain colleague "testified that she had absolutely no problems with [Plaintiff]" and that Plaintiff "was always willing to learn and never refused to perform any aspect of any job"); (*Id.*) (noting "[P]laintiff was not responsible for providing analytical reports to the Learning and Development Department until the last 6 to 8 months of her employment"); (*Id.* at 7) (noting "Plaintiff had no problems with mathematics as stated by her [supervisor]").

---

³ The elements of a *prima facie* retaliation claim are: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action. *See Williams v. Horry-Georgetown Technical College*, 26 F. Supp. 3d 519, 528 (D.S.C. 2014) (ADEA); *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004) (Title VII). If the plaintiff establishes a *prima facie* claim of retaliation, the burden shifts to the defendant to show that its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason. *Laber v. Harvey*, 438 F.3d 404, 432 (4th Cir. 2006) (ADEA); *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015) (Title VII). The burden then shifts back to the plaintiff to rebut the defendant's evidence by demonstrating that the proffered reason was mere pretext for retaliation. *Laber*, 438 F.3d at 432 (ADEA); *Foster*, 787 F.3d at 250 (Title VII).

The Court overrules the above objections. Plaintiff's objections do not address a specific portion of the R&R, are thus general in nature, and are equivalent to a failure to object. *See Switzer v. Town of Stanley*, No. 5:11CV00021, 2012 WL 3315084, at *2 (W.D. Va. Aug. 10, 2012), *aff'd sub nom. Switzer v. Dean*, 510 F. App'x 294 (4th Cir. 2013) (noting "[g]eneral objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection"). Further, and more importantly, Plaintiff's objections fail to dispute the specific finding made by the Magistrate Judge that Plaintiff was not meeting the legitimate expectations of her employer at the time of her discharge—not because of her skills generally, but because of her conduct during the training session described above. *See* (Dkt. No. 54 at 15); *see also Wigger v. CVS Pharmacy*, No. 2:15-cv-01122-DCN-MGB, 2017 WL 9471790, at *7 (D.S.C. July 21, 2017), *adopted sub nom. Wigger v. CVS Pharmacy, Inc.*, 2017 WL 4296724 (D.S.C. Sept. 27, 2017) ("When determining whether an employee is meeting her employer's legitimate expectations, courts do not sit as a 'superpersonnel department weighing the prudence of employment decisions.'") (citing *Hill v. Se. Freight Lines, Inc.*, 877 F. Supp. 2d 375, 391 (M.D.N.C. 2012), *aff'd*, 523 F. App'x 213 (4th Cir. 2013)). Plaintiffs objections are thus overruled.

Plaintiff next objects that the Magistrate Judge wrongly recommended "dismiss[ing] the Plaintiff's claims for differential treatment for a failure to present an argument." (Dkt. No. 56 at 7). Plaintiff further argues that various facts support a finding that her claims for disparate treatment should proceed to trial. (*Id.*).

As a preliminary matter, the Court finds that the Magistrate Judge did in fact analyze Plaintiff's claims for disparate treatment. (Dkt. No. 54 at 19-22) ("Defendant correctly notes that that Plaintiff 'does not make any argument in her Response in support of her claim for disparate

treatment concerning her discharge.' Consequently, Plaintiff has abandoned such claims by failing to argue the merits in her response brief. **However, even if Plaintiff had defended the merits of such claims . . . the undersigned finds, for the reasons below, that Plaintiff has failed to establish that her termination was the result of any sort of discrimination—age-based, race-based, or otherwise**."). Thus, to the extent Plaintiff objects the Magistrate Judge failed to analyze her disparate treatment claims, the Court overrules the objection.

In her objections regarding her disparate treatment claims,[4] Plaintiff again fails to cite to or dispute specific portions of the R&R. Instead, as above, Plaintiff describes various "facts" which Plaintiff believes support her claims generally. *See, e.g.*, (Dkt. No. 56 at 8) ("During [Plaintiff's] employment she went to HR regarding Kyger's supervision. Alicia Hayes testified that [Plaintiff] made complaints regarding Kyger's failure to support her. [Plaintiff] cried with Prioleau and Lo that Kyger was destroying her career . . . ."). In this portion of her objections, Plaintiff cites extensively to the affidavit which she attached to her opposition to Defendant's motion for summary judgment. (*Id.* at 7-8).

The Court overrules the above objections. At bottom, the above objections are general in nature and do not attempt to dispute any specific finding of the Magistrate Judge. *Compare* (Dkt. No. 56 at 7-8) *with* (Dkt. No. 54 at 19-22) (noting that all of Plaintiff's identified comparators were of the same race as Plaintiff and further noting that none shared the same role as Plaintiff). Further, said objections rely heavily on the affidavit Plaintiff attached to her opposition—a document the

---

[4] Plaintiff alleges that that Defendant failed to discipline younger employees for actions that should have been terminable offenses and that "others who committed acts that violated the policies and procedures of Defendant were not terminated." (Dkt. No. 8 at 10-13).

Magistrate Judge correctly declined to consider in analyzing Defendant's motion for summary judgment. Plaintiff's objections are thus overruled.

Plaintiff's last substantive objection[5] is that the Magistrate Judge applied a "but for" standard in analyzing Plaintiff's race discrimination claims even though such a standard applies only to Plaintiff's ADEA claim. (Dkt. No. 56 at 9). A *de novo* review of the R&R reveals, however, that the Magistrate Judge made no such error, correctly analyzing all claims under the applicable standards of law.

## IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R, (Dkt. No. 54), as the Order of the Court, **GRANTS** Defendant's motion for summary judgment, (Dkt. No. 36), and **DENIES** Defendant's motion to strike, (Dkt. No. 46).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

June 11, 2021
Charleston, South Carolina

---

[5] Plaintiff puts forth other objections which the Court declines to address as non-specific or general in nature. *See, e.g.*, (Dkt. No. 56 at 9) ("The Court has failed to consider any facts that are in a light most favorable to the Plaintiff and only addresses those facts that are favorable to the Plaintiff [sic].").